UNITED STATES v. LUYTIES et al.

(Circuit Court, S. D. New York. August 1, 1903.)

No. 3,225.

1. CUSTOMS DUTIES—RECIPROCITY TREATY—PLACE OF EXPORTATION.
    Where it was proved that absinthe imported was manufactured in Pontarlier, France, the fact that the bill of lading was dated at Basle, Switzerland, the point of shipment, did not justify a finding that the consignment was not exported from France, and therefore not entitled to admission at reduced rates of duty, under the reciprocity treaty between France and the United States.

2. SAME—BRANDIES AND OTHER SPIRITS.
    Absinthe is a liqueur within the French reciprocity agreement, providing for reduced duties on brandies and other spirits.

D. Frank Lloyd, for the United States.
Wm. A. Keener and J. Stuart Tompkins, for appellees.

HAZEL, District Judge. The articles involved consist of absinthe, a product of France. It is contended by the government that the importation was not exported from France to the United States, and therefore such articles do not come within the purview of the reciprocity agreement entered into between these countries. The inference from the fact that the bill of lading is dated at Basle, Switzerland, the point of shipment, is outweighed by abundant evidence in behalf of the importers showing the product to have been manufactured in Pontarlier, France. The other questions involved upon this appeal are precisely similar to those considered and decided by Judge Townsend in Nicholas v. The United States (C. C.) 122 Fed. 892. In that case, from which no appeal was taken, it was held that articles commonly known as "liqueurs" are included in the reciprocal commercial agreement by which the duties of "brandies and other spirits" were reduced, entered into between the United States and France, under section 3 of the Tariff Act of July 24, 1897, 30 Stat. 203, c. 11 [U. S. Comp. St. 1901, p. 1690]. Absinthe, the article in controversy here, is a liqueur, as that term is ordinarily understood. This court considers itself bound by the decision in the Nicholas Case. Hence, it would serve no useful purpose to elaborate upon the question there decided. The decision of the Board of General Appraisers sustaining the protest of the importers is affirmed.