WESTERN UNION TELEGRAPH CO. v. PHILADELPHIA, B. & W. R. CO. et al.

(Circuit Court, D. Delaware. August 21, 1903.)

No. 241.

1. TEMPORARY INJUNCTION.

On the hearing of a motion for a preliminary injunction, *held* that, under the particular circumstances disclosed, the motion should be granted, in order to preserve the status quo, without any present expression of opinion or decision on the merits.

(Syllabus by the Court.)

In Equity.

Willard Saulsbury and Rush Taggert, for complainant.

Ward & Gray and John G. Johnson, for defendants.

BRADFORD, District Judge. The Western Union Telegraph Company, a corporation of New York, has filed its bill of complaint against the Philadelphia, Baltimore and Washington Railroad Company, a corporation existing under the laws of Pennsylvania, Delaware and Maryland, and the Delaware Railroad Company, a corporation of Delaware, praying, among other things, that the defendants be restrained by injunction until the final decree or the further order of the court from interfering in any manner with the use and operation of the complainant's telegraph lines upon the roadway and right of way of the defendants. The case is before the court on a motion for a preliminary injunction. There are controlling reasons why the motion should be granted to the extent of restraining the defendants as prayed for until the further order of the court. The Western Union Telegraph Company, complainant herein, filed its bill of complaint November 22, 1902, in the circuit court for the district of New Jersey against the Pennsylvania Railroad Company and the United New Jersey Railroad and Canal Company, praying, among other things, for a temporary injunction against those companies restraining them from interfering with the use and operation of the complainant's telegraph lines upon their roadway or right of way. On this bill the court awarded a preliminary injunction as prayed January 21, 1903. 120 Fed. 981. Thereafter the circuit court of appeals reversed the interlocutory decree for an injunction. 123 Fed. 33. An appeal by the Western Union Telegraph Company to the Supreme Court of the United States having been allowed, an order for the continuance of the status quo was made by Mr. Justice Peckham June 17, 1903, directing that on the conditions therein set forth "the status quo and the present condition of the parties and property involved in this suit be continued and maintained until a decision shall be made on this appeal by the Supreme Court of the United States, or until this court shall order to the contrary." It appears that the Western Union Telegraph Company, the appellant, has up to the present time fully complied with the required conditions. The facts here disclosed in the bill and affidavits are not in all respects similar to those in the New Jersey case. There are, however, certain legal questions, of an

important and probably pivotal nature, common to both cases and involving the consideration, among other things, of the scope and effect of the act of Congress of July 24, 1866, entitled "An Act to aid in the Construction of Telegraph Lines, and to secure to the Government the Use of the same for postal, military, and other Purposes." 14 Stat. 221, c. 230. Under these circumstances it is unnecessary and would be improper that this court should now express any opinion, or render any decision, on the merits of the case in hand. The result is that until the Supreme Court shall decide or decline to decide the New Jersey case on its merits the status quo should be preserved and, consequently, until the further order of the court the defendants should be enjoined and restrained as prayed.

Let an interlocutory decree for an injunction be prepared in accordance with this opinion.