UNITED STATES v. JULIUS WILE BRO. & CO. (Circuit Court, S. D. New York. August 1, 1903.) No. 3,219. On application by the United States for a review of the decision of the Board of General Appraisers, which reversed the assessment of duty by the collector of customs at the port of New York. See G. A. 4736. D. Frank Lloyd, Asst. U. S. Atty. Albert Comstock, for appellees.

HAZEL, District Judge. This case comes within the ruling in Nicholas v. United States (C. C.) 122 Fed. 892. The merchandise involved consists of liqueurs commonly known as creme de menthe, abricotine, maraschino, and anisette. Counsel for importers insists that the imported articles are precisely within the terms of section 3 of the tariff act of 1897 (Act July 24, 1897, c. 11, Free List, 30 Stat. 203 [U. S. Comp. St. 1901, p. 1690]), and of the reciprocal commercial agreement by which the duties are reduced upon "brandies, or other spirits manufactured or distilled," in that liqueurs are spirits manufactured or distilled. The court will follow the decision in the Nicholas Case without passing upon this point. The decision of the Board of General Appraisers, sustaining the protest of the importers, is affirmed.

---

WESTERN UNION TEL. CO. v. PHILADELPHIA, B. & W. R. CO. et al. (Circuit Court, D. Delaware. August 21, 1903.) No. 242. In Equity. Willard Saulsbury and Rush Taggert, for complainant. Ward & Gray and John G. Johnson, for defendants.

BRADFORD, District Judge. This case resembles in its nature and circumstances that of the Western Union Telegraph Company against the Philadelphia, Baltimore & Washington Railroad Company and the Delaware Railroad Company (this day decided by this court) 124 Fed. 974. For reasons similar to those expressed in the opinion in that case, a preliminary injunction must be awarded. Let an interlocutory decree be prepared accordingly.

---

In re ROSENBERG (two cases). (District Court, E. D. Pennsylvania. September 25, 1903.) Nos. 358, 697. In Bankruptcy. On certificate of referee concerning ownership of fund. See (D. C.) 116 Fed. 402. Greenwald & Mayer, for Philip Rosenberg bankrupt. Alexander Simpson, Jr., and John Weaver, for creditors. James Collins Jones, and George B. Johnson, for trustee of estate of Emanuel Rosenberg, bankrupt.

J. B. McPHERSON, District Judge. I have read this voluminous testimony with special reference to the crucial question in the case, namely: Was Simon Abeles a party to (what may be assumed for the present to have been) the fraudulent failure of Emanuel Rosenberg in the spring of 1898? And I have come to the same conclusion that was forced upon the referee. I see no advantage in discussing the evidence in detail, and shall content myself, therefore, with saying that in my opinion the answer to the question must be that the complicity of Mr. Abeles has not been established. The result is that he must be held to have acquired a valid title to Emanuel Rosenberg's goods in the West Chester store at the sheriff's sale in June, and to have been able to transmit a valid title to Philip Rosenberg several months afterwards. The fund in controversy, therefore, which was produced by the sale of these goods, belongs to the bankrupt estate of Philip Rosenberg, and must be distributed among his creditors. The exceptions are dismissed, and the report of the referee is affirmed.